## Hollins v. The Lawront Corporation

*Sidney Bernstein*, for plaintiff.

*Victor L. Drexel*, for defendant.

GLEESON, J., January 6, 1971.—This case was tried before Gleeson, J., and a verdict rendered in favor of plaintiff in the amount of $13,000 and against defendant, The Lawront Corporation. It involved the failure of a device for lifting material to function properly and it dropped about 10 feet while plaintiff was on it trying to unload a drum of solvent used in making rubber which weighed about 450 pounds. Plaintiff sustained a fracture of the left oscalcis.

Plaintiff filed a motion for a new trial to determine damages for inadequacy of verdict. Apparently, plaintiff has not followed that up and no brief has been filed in support of plaintiff's motion and to all intents and purposes plaintiff has abandoned it.

Defendant has filed a motion for judgment n.o.v. and has pursued it and argued it before the court en banc. The principal question to be determined by the court en banc is the character of the lift in question. Was it an elevator within the meaning of the Pennsylvania statute, the pertinent part of which reads as follows:

"Elevator shall mean all the machinery, construction apparatus, and equipment used in raising and lowering personnel, material, equipment or other goods or cargo by means of a car or platform vertically between permanent rails or guides, and shall also include all elevators, dumb-waiters, escalators,

gravity elevators, inclined passenger lifts, hoists, except portable construction hoists less than fifty feet in height, and other lifting or lowering apparatus used in raising and lowering a car, cage or platform in the coal mines and on slopes used in open-pit coal mining in this Commonwealth, and in the breakers, washeries and cleaning plants connected therewith and which are under the jurisdiction of the Department of Mines and Mineral Industries and the mine inspectors, and shall not include elevators, hoists and lifting apparatus used on farms, and except elevators, hoists and lifting or lowering apparatus used in raising and lowering a car, cage or platform in any ore mine": Act of May 2, 1929, P. L. 1518, sec. 1, as amended, 35 PS § 1341.

It is our view that it was. It is not specifically determined how long this device was in operation, but it appears to be somewhere within the period of six months to a year. A hole was cut in the ceiling of the second floor to permit the use of the lifting device and its rails were bolted to the floor and there was a metal platform upon which the material was placed and on it plaintiff stood and the lifting device had other equipment to accomplish the purpose of carrying materials from the second to the third floor. It had a motor as part of its equipment. There was testimony on plaintiff's part to the effect that it was an elevator within the meaning of the statute. Without thinking in terms of technical definitions, it would seem to us that the device was an elevator, and that it was a permanent installation for the conduct of the business of defendant's tenant. At the time of the accident, the device was carrying a drum of approximately 450 pounds as well as plaintiff. The fact that it may not have existed for more than six months to a year doesn't change the character of the device. Defendant's own brief says that the device was re-

moved because an elevator having a pit and a shaft and which went from the first floor to the third floor was installed and the device was no longer of any use. Accordingly, it is our view that there was no error in regarding the device as an elevator.

If the device was an elevator, isn't it a part of the realty? We do not regard the case cited by the defense, First National Bank of McAdoo v. Reese, 356 Pa. 175 at 179, as controlling this case. In the McAdoo case, the court is talking about trade fixtures permanently attached to the real estate by the tenant. We don't consider the device in this case a trade fixture. Is the stairway in the landlord's building a trade fixture? An elevator serves the purpose of a stairway transporting men and materials from one floor to another. It is usually much more efficient if properly operated than a stairway. But a stairway is part of the real estate and so is an elevator.

Since the device was an elevator and part of the real estate, who was responsible for its faulty operation, the landlord or the tenant? Plaintiff's theory is that the faulty operation of the device was the fault of the landlord, defendant in this case. Although the elevator was installed and operated by the tenant, who was not a party to this suit, the record indicates that the landlord knew, or should have known, of its existence. Accordingly, the statute imposes a duty upon defendant to register the elevator with the Department of Labor and Industry of the Commonwealth of Pennsylvania. The jury found that defendant was negligent as a result of the failure to register the elevator and we see no reason to grant defendant's motion for judgment n.o.v., and we are of the opinion that defendant's motion for n.o.v. should be dismissed. We also dismiss plaintiff's motion for a new trial to determine damages for inadequacy of verdict.